Simon, J.
delivered the opinion of the court.
This is a suit by attachment. Jean I. Laborde, one of the garnishees, [487] complains that judgment was rendered against him' in favor of the plaintiff and another attaching creditor of the defendant, for the sum of $1865 94, whilst he ought to have been allowed the credit of a sum of $468, which the defendant owed him at the time the attachment issued. - The appellant having-been interrogated on oath as to what property, moneys, rights or credit which he had in his hands belonging to the defendant, answered: 1. That on the day of the service of the process of attachment he had in his possession a bill of exchange, which has been since paid, and the net proceeds of which amount to $987 50; and also fifty thousand segars valued in the invoice at $878 44, which property belongs to the defendant, Vargas, upon paying the respondent $468, and leaving a balance due him of $1400 61, on the supposition that the segars produced the invoice price after deducting commission, storage and other incidental expenses, and that he has no other property, effects, moneys or any thing else belonging to said Vargas. 2. That at the time of the service of the process of attachment, he was not otherwise'indebted to said Vargas than is already set forth in his reply to the first interrogatory; and further that either shortly prior to the service of the attachment or about the same time, another attachment was served upon him, by the district court, in the suit of Mateo Lopez v. Jose Vargas, together with interrogatories, while the interrogatories in the present suit-were not served upon him till two days afterwards, to which fact he adverts in order to protect himself from injury in the event of conflict between the respective claimants. The parish judge ordered one half of the amount ($982 97) to be paid to the plaintiff, the other half being for Mateo Lopez, under an agreement on file between the two attaching creditors.
It is contended by the appellee’s counsel, that if the garnishee had -a privilege and preference over the plaintiff; he should have filed his intervention or third opposition and supported it by evidence; and that his answer' does not disclose any facts which authorize any such privilege. •' '■ ' -
It seems to us .that this is not a question of privilege or preference, [488] and that the rights of the garnishee or his liability to pay merely depend upon his answers to the interrogatories propounded to him by the plaintiff. He was called upon to answer those interrogatories according- to the arts. 247, 250, 262, 263, and 264 of the Oode of Practice; under those articles, the garnishee was bound- to answer clearly and categorically, and if he refused or neglected to do so, such refusal and neglect was to be considered as a confession of his having in his hands, property of the defendant sufficient to satisfy the demand; the plaintiff however is permitted to disprove the facts stated by the garnishee in his answers -'and to show that they are false.
*664 In this case, no such attempt has been made, and therefore, as this court has held in the case of Oakley & al. v. Miss. & Ala. R. R. Co. 13 La. Reports 570, “The extent of the garnishee’s liability is to be tested by Ms answers to the interrogatories, the truth of which has not been disproved.”. And it is clear that the plaintiff must abide by those answers, unless he excepts to them or attempts to contest them by proving that they are untrue. 14 Id. 514. If this doctrine is correct, and we do not think it can be controverted, does it not necessarily follow from the answer of Laborde, that the amount in his hands was subject to be applied to the payment of the sum of $4G8 at the time the attachment issued? He states positively that the property in his hands belongs to the defendant, upon paying Mm (the respondent) the said sum of $468. It is true that he does not explain how and why this credit is to be allowed, but the plaintiff had the means, by propounding him additional interrogatories, to ascertain the nature and origin of the said credit; as the case stands, those answers make full proof of the facts therein contained; and if on the one hand, the plaintiff is to have the legal benefit of them, to secure the recovery of his demand; on the other hand, they cannot be divided, and must also serve for the protection of the garnishee’s rights, unless regularly excepted to as insufficient and unsatisfactory, or disproved in the manner [489] pointed out by law. In the case of Burke & al. v. Taylor & al. 15 Id. 237, the answers of the garnishees were specially excepted to as evasive and insufficient, and it became then the duty of the court to-pronounce on the sufficiency of those answers, and on the right assumed by the garnishees to pay themselves in preference to the plaintiffs. In the present case, the rule taken upon Laborde affords him no intimation of the grounds on which he is sought to be made liable for the whole amount, and as our laws do not require an answer in writing to rules taken upon garnishees, 3 Id. 570, the only issue before the court resulted from the answers of the appellant against which nothing had been alleged or attempted to be shown; and those answers were the only evidence upon which the inferior tribunal had to fix the amount in the hands of Laborde subject to the satisfaction of the plaintiff’s judgment.
We conclude that the judge a quo erred in dividing the appellant’s answers to the interrogatories, and in not limiting his liability to the balance therein shown to belong to the defendant.
With regard to the segars, we agree with the court below that as the garnishee has not shown the amount produced by the sale thereof, nor the expenses which may have been incurred thereby, he must be considered as having in his hands the sum by him stated in his answers to the interrogatories to be the value of said segars. It was his duty to account for them, since the sheriff had left them in his possession.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and proceeding to give such judgment as, in our opinion, ought to have been rendered by the lower court, it is ordered, adjudged and decreed, that Ignacio Laborde pay to the plaintiff, one half of the amount by him acknowledged to be in his hands belonging to the defendant, to wit, seven hundred dollars and thirty and one half cents, with costs in the court below, those in this court to be borne by the appellee.